UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Criminal Case No. 07cr40084 |
| MATTHEW A. TURNER, ) | |
| ) | |
| Defendant. ) | |

### ORDER AND OPINION

Pending before the Court is Defendant Matthew A. Turner's Amended and Supplemental Motions for a reduced sentence under § 404(b) of the First Step Act ("FSA"). ECF Nos. 245, 248. As explained below, these Motions are DENIED.

### BACKGROUND

Without rehashing the entire offense conduct, the Court notes that Turner received a life sentence for conspiring to distribute both crack and powder cocaine, which was mandatory given the drug quantities involved and Turner's prior convictions. ECF No. 244-1 at 7 (citing 21 U.S.C. §841(b)(1)(A)(ii) (powder), (b)(1)(A)(iii) (crack)). President Obama commuted his life sentence to 30 years imprisonment before Turner sought additional relief from the judiciary. *See* ECF No. 208.

This is Turner's third motion for relief under the First Step Act. ECF Nos. 220; 242. When Turner filed his first motion, the Court appointed Counsel, who ultimately moved to withdraw explaining that "although Mr. Turner was convicted of a crack cocaine offense committed before August 3, 2010, he was also convicted of a powder cocaine offense, the penalty for which was not modified by the first step act and his sentence reflects the statutory mandatory minimum sentence for powder cocaine." ECF No. 222 at 1–2. The Court entered a short order finding that "although

1

Defendant was convicted of a crack cocaine offense committed before August 3, 2010, he was also convicted of a powder cocaine offense, the penalty for which was not modified by the First Step Act." ECF No. 226 at 3. Thus, the Court found that Turner was "ineligible for relief under the First Step Act because his sentence reflects the statutory mandatory minimum sentence for powder cocaine." *Id*.

Defendant filed a motion for reconsideration (ECF No. 229), which the Court denied. ECF No. 230. Defendant appealed (ECF No. 231) and filed another motion requesting relief under the First Step Act (ECF No. 242), which the Court again denied. ECF No. 243. The Seventh Circuit denied the appeal, stating that "Turner's statutory minimum penalty was and remains life in prison." ECF No. 244-1.  The Seventh Circuit further distinguished the recently decided *United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020). *Hudson* holds that, when a defendant has been sentenced for two crimes, one covered by the First Step Act and the other not, a district judge has discretion to revise the entire sentencing package. *Id*. The Seventh Circuit explained that *Hudson* concerns the exercise of discretion and does not change Turner's statutory penalty of life imprisonment. *Id*. The Seventh Circuit was clear that "unless Turner receives further clemency, his sentence cannot be less than 30 years." ECF No. 244-1.

Even after the Seventh Circuit rejected his arguments, Turner filed a second motion based on the holdings in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020) and *United States v. Hudson*, 967 F.3d 605 (7th Cir. 2020). ECF No. 242. He claimed that based on those cases, none of his prior convictions should stand as predicate convictions to enhance his sentence. ECF No. 242. The Court denied this motion and again found that Turner was ineligible for relief under the First Step Act because his sentence was based on the statutory mandatory minimum for powder cocaine.

ECF No. 243 at 2. Turner did not appeal that decision. Turner has now filed his third motion and counsel filed an amended motion, which the Court addresses below.

## LEGAL STANDARD

The Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), amended 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) to increase the amount of crack cocaine required to enhance the statutory minimum and maximum sentences for a violation of 21 U.S.C. § 841(a)(1). Before the Act, an offense involving 50 grams or more of crack cocaine triggered a 10-year mandatory minimum and a statutory maximum penalty of life imprisonment. An offense involving 5 grams of crack cocaine triggered a 5-year mandatory minimum sentence and a statutory maximum of 40 years of imprisonment. *Dorsey v. United States*, 567 U.S. 260, 266 (2012); 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii) (2006).

Section 2 of the Fair Sentencing Act amended § 841(b)(1)(A)(iii) by striking 50 grams and inserting 280 grams and amended § 841(b)(1)(B)(iii) by striking 5 grams and inserting 28 grams. Public Law 111-220; 124 Stat. 2372, § 2. It now takes 280 grams of crack to trigger a 10-year mandatory minimum under § 841(b)(1)(A)(iii) and 28 grams of crack to trigger a 5-year mandatory minimum under § 841(b)(1)(B)(iii). *Dorsey*, 567 U.S. at 269. The Supreme Court determined the Fair Sentencing Act applied to any defendant who had not been sentenced as of the Act's effective date of August 3, 2010. *Id*. at 281. The Act did not apply retroactively to defendants sentenced prior to August 3, 2010. *Id*. In December 2018, the President signed the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (Dec. 21, 2018). Section 404 of that Act makes retroactive the changes that the Fair Sentencing Act made to the crack provisions of § 841(b)(1)(A) and (B) by permitting courts to reduce prisoners' sentences accordingly. Section 404(b) of the First Step Act permits the Court to reduce a sentence that was imposed for a "covered offense." *Id*. Section 404(a)

defines a "covered offense" as a violation of the crack cocaine laws that was committed before August 3, 2010. *Id.*

"A judge considering a motion for a reduced sentence under the First Step Act is faced with two questions. First, *may* the court reduce the sentence? And second, *should* the court reduce the sentence?" *United States v. Shaw*, 957 F.3d 734, 736 (7th Cir. 2020)(emphasis in original). The analysis is a two-part process, with the Court in step one determining whether the is eligible for a sentence reduction. Only if the Court determines that the defendant is eligible does it then address whether it should reduce the defendant's sentence, and if so, by how much. *United States v. Fowowe*, 1 F.4th 522, 527 (7th Cir. 2021) (citing *United States v. Hudson*, 967 F.3d 605, 609 (7th Cir. 2020)). "That [a defendant] is eligible for resentencing does not mean he is entitled to it." *United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019) (citations omitted); *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) ("404(c) makes clear that the court is never required to reduce a sentence under section 404(b).").

## DISCUSSION

a. **Defendant already had full consideration on the merits.**

The Government argues that Turner has already received a full review of his original First Step Act on the Merits, precluding him from bringing an additional motion. Section 404(c) of the First Step Act provides that "[n]o court shall entertain a motion made under this section to reduce a sentence . . . if a previous motion made under this section to reduce was, after the date of enactment of this Act, denied after a complete review on the merits." Both this Court and the Seventh Circuit have already noted that Defendant had been convicted of a covered crack cocaine offense but applying the Fair Sentencing Act did him no good because the powder cocaine component of his conspiracy offense was enough to trigger the enhanced mandatory minimum

4

sentence. The Seventh Circuit also clarified that it was addressing the "merits" of the case. ECF No. 244-1 at 6.

Defendant argues that he did not receive a full review on the merits because a complete review on the merits includes "an accurate comparison of the statutory penalties – and any resulting change to the sentencing parameters – as they existed during the original sentence and as they presently exist." ECF No. 255 at 2 (citing *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020). The Seventh Circuit continued that a "'resentencing predicated on erroneous or expired guideline calculation,' or a decision to decline resentencing without considering at all the guidelines, 'would seemingly run afoul of Congressional expectations.'" Corner, 967 F.3d at 665. The full context there was that the district court did not decide the defendant's eligibility or determine what lower statutory penalties would have applied. *Id*. The district court simply stated that it would not resentence him even if he was eligible given his untruthfulness to his probation officer and persistent use of illegal drugs while on supervision. *Id*. Indeed, courts may not declare that a defendant's eligibility and new guidelines are irrelevant and that it would sentence the Defendant the same regardless of his eligibility for a new sentence and the new guideline calculation.

Here, the Court determined Defendant was ineligible for additional relief—it did not declare that his eligibility or new guideline range was irrelevant. The Court was not announcing that it would exercise its discretion to impose the same sentence but determined that it did not have the ability to impose a new sentence under the circumstances. Defendants may demand that courts calculate a new guideline range and not declare that it is irrelevant whether the defendant is eligible for resentencing. That does not mean, however, that a defendant may endlessly challenge the court's decision that the defendant is not eligible for a new sentence. Here, the Court finds that

5

Defendant received a full review on the merits and is not entitled to bring another challenge.

    **b. The Seventh Circuit already held that Turner's sentence cannot be less than 30 years.**

The Seventh Circuit was also explicit that that "Turner's statutory minimum penalty was and remains life in prison" and that unless Turner receives additional clemency "his sentence cannot be less than 30 years." ECF No. 244-1 at 8. Defendant points to *United States v. McSwain*, 25 F.4th 533 (7th Cir. 2022) to argue that the Court overturned its ruling in his case. In *McSwain*, the defendant was sentenced for a two-count conviction, one involving crack-cocaine and the other involving heroin, a drug not covered by the First Step Act. The district court denied the defendant relief under the First Step Act on the basis that "he was specifically found guilty of a quantity of heroin that qualified him for a mandatory minimum sentence." *Id*. While the government initially argued McSwain was not eligible for relief, it reexamined its briefing, and conceded that conspiracy to traffic crack cocaine is a covered offense even if another "object of the conspiracy triggered the same statutory penalty range" *Id*. The Seventh Circuit accepted this concession with little analysis, merely citing case law courts need not accept a concession of law but may do so when the concession seems "apt." *McSwain*, 25 F. 4th at 539. The Seventh Circuit found that it was unclear what the district court's ultimate basis for ruling was and remanded for the district court to exercise its discretion. *Id*. at 540. Defendant here argues "to the extent that the Seventh Circuit found that Mr. Turner was ineligible for First Step Act relief on direct appeal, that finding has been overruled by *McSwain*." ECF No. 247 at 3.

    Unlike *McSwain*, the Government does not concede that Turner is eligible for relief under step one of the process. Moreover, the Seventh Circuit accepted the Government's concession in *McSwaim*, but did explicitly adopt the Government's position as its own. This acceptance of a concession is not sufficient evidence the Seventh Circuit was overruling its decision here. The

6

proximity in time of two cases also calls into question whether the Seventh Circuit's intended to overrule its decision here. Generally speaking, "the more recent a precedent, the more authoritative it is, because there is less likelihood of significantly changed circumstances that would provide a compelling reason for reassessing." *United States v. Hill*, 48 F.3d 228 (7th Cir. 1995). Here, however, *McSwain* was decided months after the Seventh Circuit denied Turner's appeal. Thus, there was no real opportunity for significantly changed circumstances. *McSwain* does not explicitly overrule the ruling here, and it does not explicitly adopt the Government's concession that conspiracy to traffic crack cocaine is a covered offense even if another "object of the conspiracy triggered the same statutory penalty range." *McSwain*, 25 F. 4th at 539. Despite the recent shifts in the law, the Seventh Circuit did not leave the issue of Turner's possible sentence open to interpretation and the Court does not feel free to disregard the Seventh Circuit's explicit instruction that Turner is not eligible for relief under the First Step Act.

## CONCLUSION

For the reasons stated above, Matthew A. Turner's Amended Motion for a Reduced Sentence [245] and his Supplemental Motion for a Reduced Sentence [248] are DENIED.

ENTERED this 12th day of June, 2023.

s/ Michael M. Mihm
Michael M. Mihm
United States District Court Judge